**Trotta v. Luckinbill**

C.P. of Lycoming County, No. 12-03,062

*Mark Taylor*, for plaintiff.
*Gary Weber*, for defendants.

ANDERSON, *J.*, January 13, 2014—Before the court are cross-motions for summary judgment, filed by plaintiff on November 5, 2013, and by defendants on December 2, 2013. Argument was heard December 23, 2013.

In his amended complaint, plaintiff brings claims for (1) breach of contract, (2) monetary loss and mental anguish, (3) failure to pay certain amounts, (4) fraud and (5) lead based paint and asbestos issues. He seeks damages, treble damages and punitive damages. In their counter-claim, defendants allege (1) breach of contract, (2) unfair trade practices and (3) fraud in the inducement. All of these claims arise from a contract for alterations to be made by plaintiff to a building owned by defendants. Plaintiff claims that defendants terminated his services before the contract completion date, and defendants allege

plaintiff quit without finishing the project.

In their motion for summary judgment, defendants seek to dismiss counts 2, 4 and 5, as well as the claims for treble and punitive damages. In his motion, plaintiff seeks judgment in his favor. The court will address each of these issues in turn.

Count 2 alleges that certain actions of defendants caused him "mental anguish." Specifically, plaintiff alleges that defendants failed to remove interior wall framing, ceilings and existing electrical wires, failed to perform demolition work in a timely fashion, failed to provide choices of materials in a timely fashion, failed to apply for and pay for all permits, performed work that was not in the contract, failed to pay for any extra work orders, failed to "obtain prior written request, before changing plans," frequented the work site with their children and interrupted the work, agitated him and demanded to know the exact times for each procedure, prime painted without prior written approval and then failed to continue prime painting when appropriate, and failed to adhere to their contractual obligations, causing the extension of the completion date. All of these claims except the claim that defendants agitated him are barred by the gist of the action doctrine as they arise solely from the contract between the parties. *See eToll, Inc. v. Elias/Savion Advertisng, Inc.,* 811 A.2d 10 (Pa. Super. 2002). And, to the extent that the claim that defendants agitated him can be interpreted as a claim for negligent infliction of emotional distress, the court finds that such a claim cannot be supported under the circumstances of this case. In *Toney v. Chester County Hospital,* 36 A.3d 83, 100 (Pa. 2011), the court limited such a claim to those situations "where there exists a special relationship where it is foreseeable that a breach

of the relevant duty would result in emotional harm so extreme that a reasonable person should not be expected to endure the resulting distress."[1] The relationship between a contractor and building owner clearly does not qualify. Therefore, defendants are entitled to summary judgment on count 2.

Count 4 alleges that defendants engaged in fraud by requesting that certain procedures be eliminated from the contract so they could perform the work themselves, by purchasing certain special order materials that Plaintiff had already purchased to circumvent his efforts, and by timing the termination of the contract with their leave from employment so they could complete the construction themselves. Again, all of these contentions are barred by the gist of the action doctrine as they relate to the performance of the parties' contractual duties. *See eToll, Inc., supra.* Further, none of these claims sets forth a cause of action for fraud, which requires evidence of (1) a representation, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false, (4) with the intent of misleading another into relying on it, (5) justifiable reliance on the misrepresentation, and (6) resulting injury proximately caused by the reliance. *Gibbs v. Ernst,* 647 A.2d 882 (Pa. 1994). Plaintiff has not alleged a misrepresentation, let alone proffered evidence of such. Therefore, defendants are entitled to summary judgment on count 4 as well.

Count 5 claims to be based on 40 C.F.R. 745, and

---

1. Only this aspect of *Toney* is referenced as the other three possible bases for a claim of negligent infliction of emotional distress are not applicable here (physical impact, zone of danger and at risk of immediate physical injury, or contemporaneous perception of injury to a close relative).

alleges that defendants failed to take certain actions with respect to lead-based paint and asbestos on the property. Plaintiff has failed to provide any authority to support his claim, however, as the cited regulation does not apply to the commercial property involved in this case, and does not require any actions from the property owners.[2] Instead, 40 C.F.R. 745 applies to targeted housing and child-occupied facilities, and is meant to ensure that renovators are certified and follow work practices as set forth in the regulations. Thus, defendants are also entitled to summary judgment on count 5.

Plaintiff's claim for treble damages is apparently based on his allegations of fraud.[3] Since judgment on the fraud claim is being entered in favor of defendants, they are also entitled to judgment on the claim for treble damages without further discussion.

Plaintiff's claim for punitive damages is based on his allegation that defendants "acted in total disregard for the health and welfare of the plaintiff, workmen and general public". *See* plaintiff's amended complaint at paragraph 46. Even if this allegation is sufficient, plaintiff has failed to produce any evidence of outrageous conduct on defendants' part, as required to support his claim. *See Field v. Philadelphia Electric Company*, 565 A.2d 1170 (Pa. Super. 1989)(imposition of punitive damages is appropriate only where the conduct is egregious).

2. The regulation provides: "nothing in this subpart requires the owner of property(ies) subject to these standards to evaluate the property(ies) for the presence of lead-based paint hazards or take any actions to control these conditions if one or more of them is identified." 40 C.F.R. 745.61(c).

3. The request for treble damages is not supported in the amended complaint, but plaintiff testified in his deposition that he asked for treble damages based on his allegations of fraud.

Therefore, defendants are entitled to summary judgment on the claim for punitive damages.

With respect to plaintiff's motion for summary judgment, plaintiff simply sets forth his version of facts, many of which are disputed by defendants, and requests that the court enter judgment in his favor. As there are disputed issues of material fact, however, summary judgment is not appropriate.[4] Pa.R.C.P. 1035.2.

Accordingly, the court enters the following:

## ORDER

And now, this 13th day of January 2014, for the foregoing reasons, plaintiff's motion for summary judgment is denied. Defendant's motion for summary judgment is granted.

---

4. Of course, only those claims which are not subject to summary judgment in defendants' favor are addressed by this statement.